Lloyd W. PATTERSON,
Plaintiff-Appellee,

v.

PROFESSIONAL ADJUSTMENT SERVICE, INC., and Park View Hospital,
Defendants-Appellants.

Court of Appeals of Tennessee,
Western Section.

Feb. 6, 1976.

Certiorari Denied by Supreme Court
June 28, 1976.

**618**

Charles C. Morrow, N. E. Pepper and Morrow, Pepper & Albers, Nashville, for plaintiff-appellee, Lloyd W. Patterson.

Clark Tidwell, Nashville, for defendant-appellant, Professional Adjustment Service, Inc.

Ira E. Parker, III, Nashville, for defendant-appellant, Park View Hospital.

CARNEY, Presiding Judge.

Upon the trial below the jury returned a verdict in favor of the Plaintiff, Lloyd W. Patterson, for $25,000 compensatory damages against the Defendants-Appellants, Professional Adjustment Service, Inc. and Park View Hospital, Inc. The jury failed to return a verdict for punitive damages.

The Defendant, Professional Adjustment Service, Inc., is a collection agency, a corporate entity engaged in the collection of delinquent accounts and indebtednesses in the Nashville area. The Defendant, Park View Hospital, Inc., is a private hospital for profit operated by the Hospital Corporation of America engaged in rendering professional hospital care to citizens in the Nashville area. The present litigation arises out of the collection by garnishment of a balance of $55.00 owed by the Plaintiff Lloyd Patterson to Defendant Park View Hospital, Inc. through the Defendant collection agency, Professional Adjustment Service, Inc.

His Honor the Trial Judge submitted the issue of Defendants' liability to the jury on two different theories: (1) that the Defendants intentionally and wrongfully harassed the Plaintiff in his right of privacy and inflicted anguish and distress upon him and caused the issuance of an unlawful execution on his wages; and (2) that the Defendants engaged in unlawful practice of

law. The Defendants offered no proof and the case went to the jury on Plaintiff's proof only.

Both Defendants have appealed and assigned errors.

When the Plaintiff's wife returned from a surgical operation in the Defendant Hospital, there was a balance on her hospital bill over and above medical insurance of approximately $75.00. After some communication between the Defendant Hospital and Mrs. Patterson, the account was turned over to the Defendant Professional Adjustment Service, Inc. for collection. The Plaintiff had been out of work. He himself had been ill with a heart attack. The Plaintiff and wife owed several bills in addition to the indebtedness to the Defendant Hospital. Mrs. Patterson was able to pay two $10.00 payments on the account.

An employee of the collection agency called the Patterson home by telephone. Mrs. Patterson answered and refused to call her husband to the phone because his doctor had told him not to be worried with bill collectors. The employee of the collection agency tried to get her and/or Mr. Patterson to agree to pay $15.00 per month on the bill. Mr. Patterson told Mrs. Patterson to tell the employee "No" which she did. Thereupon, the employee of the collection agency told Mrs. Patterson in a somewhat angry voice, "I know how to get my money," or words of similar import and hung up the phone. Mr. and Mrs. Patterson understood that he would shortly thereafter file suit on the account which was done. Mr. Patterson did not appear and default judgment was taken against him in November 1973 in the General Sessions Court of Davidson County, Tennessee. Plaintiff Patterson went back to work as a foreman for his employer, Overby Construction Company in Williamson County, Tennessee. An execution by garnishment was levied against his wages in December 1973 but very little money was collected.

On February 14, 1974, a second execution was issued by the Clerk of the General Sessions Court of Davidson County and delivered to the sheriff of Davidson County,

Tennessee. The sheriff's office of Davidson County prepared a garnishment and forwarded the same to the General Sessions Court in Williamson County, Tennessee, for service upon the employer of the Plaintiff.

On March 1, 1974, the Clerk of the General Sessions Court of Davidson County received from the General Sessions Court of Williamson County the proceeds of the second garnishment which paid the entire balance of the judgment plus costs. This money was retained by the Clerk of the General Sessions Court of Davidson County until March 14, 1974, when it was paid over to the Defendant collection agency along with the other collections against other judgment debtors.

The collection agency had a practice of seeking executions on judgments once each month. About March 7, 1974, the Defendant collection agency, not having been told by the Clerk that the judgment had been paid in full, requested the Clerk of the General Sessions Court of Davidson to issue another execution on the judgment and deliver the same to the sheriff of Davidson County for preparation of garnishment.

Through oversight, the Clerk of the General Sessions Court also failed to notice that the judgment had, in fact, been paid in full on March 1, 1974, and issued another execution. This execution was delivered to the sheriff of Davidson County who in turn prepared the usual garnishment thereon and delivered it to the Clerk of the General Sessions Court of Williamson County for service on the employer of the Plaintiff. The employer realized that the judgment had been paid in full and called the collection agency. The employer was told by the collection agency to tear up the garnishment. Instead, the employer paid the garnishment to the Clerk of the General Sessions Court or sheriff of Williamson County by check. His check was returned to him uncashed about seven days later. The next day, after the employer paid the garnishment, the employer told Plaintiff that the invalid garnishment had been levied upon him. The only pecuniary loss Plaintiff suffered from the third garnishment was the

delay of about one week in receiving $58.89 salary.

Plaintiff testified that he was generally let down after the issuance of the third garnishment; that he felt badly; and about two months later he sustained a very severe heart attack requiring surgery. While he would not say that the garnishment caused his heart attack, at the same time he did not think it did him any good.

Plaintiff averred in his complaint that the Defendant Professional Adjustment Service, Inc. attempted to collect the small balance through harassment, coercion, and intimidation of the Plaintiff; that the Defendant Hospital knew and approved of such actions.

By amended complaint the Plaintiff averred that the Defendant Park View Hospital either knew or should have known that Professional Adjustment Service, Inc. uses unusually harsh tactics in the collection of bills and further knew or should have known that Professional Adjustment Service, Inc. engaged illegally and improperly in the practice of law by filing suits for others in General Sessions Court and by further issuing execution by garnishment and other process of law through the General Sessions Court as a regular practice; and that the collection agency regularly filed suits for and issued executions in this manner in the name of Park View Hospital, Inc. and therefore, Park View Hospital, Inc. ratified all of the acts of said Defendant collection agency.

Assignment of error No. I of both Defendants Professional Adjustment Service and Park View Hospital is to the effect that His Honor the Trial Judge erred in overruling the Defendants' motion for a directed verdict made at the conclusion of the Plaintiff's evidence. These assignments of error must be sustained. The Hospital Corporation of America had a legal right to turn over its delinquent account against Plaintiff Patterson to the Defendant collection agency, Professional Adjustment Service, Inc. The collection agency had a legal right to accept the account for collection. It was not an invasion of privacy nor outra-

geous conduct for the employee of the collection agency to request or beg or demand that Mr. and Mrs. Patterson agree to pay the indebtedness at the rate of $15.00 per month. It was not outrageous conduct nor an invasion of privacy for the agent of Defendant collection agency to tell the wife of the Plaintiff that he was going to bring suit on the indebtedness if they did not agree to pay at the rate of $15.00 per month. It was not invasion of privacy nor outrageous conduct for the Defendant Park View Hospital to reduce the claim to judgment and to collect the judgment by execution.

The uncontradicted proof of the Plaintiff's witness is that when a Clerk in the General Sessions Court of Davidson County issued the third execution on March 7, 1974, the Clerk failed to notice that the judgment on which the execution was being issued had been paid in full and that it was the error of an employee in the Clerk's office of the General Sessions Court of Davidson County which resulted in the unlawful garnishment being levied on the Plaintiff's wages in March 1974. It is uncontradicted that at the time the hospital's agent asked for the issuance of the third execution, the funds collected on the second garnishment were in the hands of the Clerk of the General Sessions Court of Davidson County and had not been paid over to the hospital nor to its agent, the collection agency, and neither the hospital nor the collection agency knew that said funds had, in fact, been collected and the judgment had, in fact, been satisfied. After the employee of the collection agency learned that the judgment was, in fact, paid and that the garnishment was erroneously issued, no effort was made by the collection agency to collect upon the third garnishment and Plaintiff's employer was told to disregard the garnishment even before the Plaintiff learned that the garnishment had been issued. The evidence all supplied by the Plaintiff is insufficient to establish outrageous conduct as described in *Medlin v. Allied Investment Co.*, (1966), 217 Tenn. 469, 398 S.W.2d 270. Nor is there evidence of unlawful invasion of the Plain-

tiff's privacy as described in *Langford v. Vanderbilt University*, (1956), 199 Tenn. 389, 287 S.W.2d 32. A directed verdict in favor of each Defendant should have been granted on motions made at the conclusion of the Plaintiff's proof.

With reference to the alleged offense of illegally practicing law, the proof shows that Professional Adjustment Service collects a large number of accounts for Park View Hospital, Inc.; that the regular procedure is to send the debtor a letter notifying him that the agency holds the account for collection. After seven days, another letter is sent. If no reply is had, they send a third letter. If no reply is had from the third letter, the account is turned over to a collector of the agency who talks to the debtor by telephone. The collector tries to get a promise to pay from the debtor and marks the account forward at thirty-day intervals seeking most of the time to get the debtors to start paying semi-weekly or monthly on the bills. If it becomes evident that the debtor is not going to pay the account without suit and if the collection agency recommends suit to Park View Hospital, then the Park View Hospital advances the necessary suit or filing costs. No suit is filed without the permission of Park View Hospital. Suits are usually filed in the General Sessions Court of Davidson County. A summons is prepared by employees of the collection agency under the direction of an attorney whose name appears on the face of the summons when it is filed with the General Sessions Court.

His Honor the Trial Judge was in error in submitting to the jury the question of whether or not the Defendant collection agency was guilty of practicing law in violation of T.C.A. Section 29–303. His Honor read to the jury the provisions of T.C.A. Section 29–303 defining the practice of law or "law business" and left it to the jury to determine whether or not the acts of the Defendant collection agency constituted unauthorized practice of law within the meaning of said statute and whether or not such unauthorized practice of law, if so found by the jury, was a cause of the Plaintiff's injuries and damages, that is, his mental distress.

The proof in the case at bar shows that oftentimes the Defendant collection agency did fill in blanks furnished by the Clerk of the Court but on the occasion of the third execution, the subject of the present suit, the Clerk or his deputy filled out the execution, sent it to the office of the sheriff of Davidson County where the garnishment was prepared without any assistance from the collection agency. We pretermit the question raised by the Appellants that the Plaintiff did not have standing to litigate the question of whether or not the Defendant collection agency did on occasions perform acts which constituted an unauthorized practice of the law. We only hold that in this case there was no evidence of unauthorized practice of law and the issue should not have been submitted to the jury. See the case of *Haverty Furniture Co. v. Foust*, (1939), 174 Tenn. 203, 124 S.W.2d 694, where the Court discussed T.C.A. Section 29–303.

The Plaintiff did not claim any monetary or pecuniary damages but only damages for "mental anguish, embarrassment and humiliation." The complaint prayed for $50,000 compensatory damages and $50,000 punitive damages. In his argument to the jury, Plaintiff's attorney suggested an award of $10.00 actual damages for the humiliation and harassment from the telephone call to Mrs. Patterson, $10.00 for the actual damages resulting from the illegal third garnishment and $25,000 punitive damages. The jury, after a second charge by the Trial Judge on punitive damages, failed to award punitive damages but brought in a verdict of $25,000 all for compensatory damages.

Over the objection of the Defendant Hospital, a witness testified that he did not know the net worth of the owner of the Defendant Park View Hospital, namely the Hospital Corporation of America, but that the Hospital Corporation of America is one of the world's largest corporations operating a chain of privately owned hospitals. For the completeness of the record we state

that if we are wrong in holding that one or both of the Defendants should have been dismissed on motion for directed verdict at the conclusion of Plaintiff's proof, the verdict in the case still should be set aside because it is so excessive as to indicate unaccountable caprice on the part of the jury. Assignment of error No. IV is sustained.

The other assignments of error not herein expressly treated are pretermitted. Judgment will be entered in this Court dismissing the Plaintiff's suit against both Defendants and taxing the costs in the Court below and in this Court to the Plaintiff.

MATHERNE and NEARN, JJ., concur.